*259 DECISION AND ORDER
PER CURIAM.
On March 16, 2010, the Children’s Division Court issued an order sua sponte suspending the care and supervision activities of the LTBB Department of Social Services (DSS), However, no petition for such a suspension had been filed, no notice had been provided the parties, and no hearing was held. The Tribal Presenting Officer filed an appeal of the order, arguing that the Children’s Division Court lacked the authority to issue the order. We agree and reverse and remand.

Background

In March 2009, the Children’s Division of the Little Traverse Bay Bands of Odawa Indians (LTBB) Tribal Court, Judge Jenny Lee Kronk presiding, ordered that [redacted] be placed with the LTBB Department of Social Services for care and supervision. The order was issued in response to a Child in Need of Care Petition filed by Tribal Presenting Officer Matthew Lesky on March 6, 2009, which claimed that [redactedj’s circumstances met the definition of a “child in need of care” under the Child Welfare Statute in effect at the time.
For nearly five months prior to the start of this child welfare matter, [redacted] had been participating in the LTBB Odawa Youth Healing to Wellness Program (OYHTW). On June 3, 2010, [redacted] was unsuccessfully discharged from the OYHTW Program by the Tribal Court, Judge Jenny Lee Kronk presiding, and the Tribe’s supervision of [redacted] was returned to Emmet County.
DSS submitted Court Reports detailing its care and supervision of [redacted] on April 20 and June 10, 2009, and it submitted an Updated Case Service Plan dated May 7, 2009 on June 12.
On May 26, 2009, [redacted] ran away from [redacted] foster care placement. On June 12, 2009, the Children’s Division held a disposition hearing, whose participants included the Tribal Presenting Officer, the DSS Director, the Guardian ad litem and [redacted]’s biological mother. In the Order Following Disposition Hearing dated June 12,2009, Judge Kronk stated that the Child Welfare Commission, had submitted a resolution recommending that the Tribal Presenting Officer withdraw the child in need of care petition in the case, and the DSS Director and Guardian ad litem each agreed that the petition should be either withdrawn or the case service plan approved. Judge Kronk’s order ultimately approved the case service plan for [redacted] and continued [redacted] as a temporary ward of the Children’s Division Court.
On June 22, 2009, the Children’s Division Court issued an additional order terminating the voluntarily relinquished parental rights of [redacted]’s biological mother. This order was issued after a hearing was held that same day.
After [redacted] was apprehended in September 2009, he was sentenced to 93 days in Emmet County Jail by the Family Division of Emmet County Circuit Court for violation of probation, [redacted] sentence was later extended, and [redacted] was ultimately released on March 2, 2010. Two weeks later, without providing notice or holding a hearing, the Children’s Division Court issued an order sua sponte that suspended the care and supervision activities of the LTBB DSS. No petition to terminate DSS care and supervision activities had been filed with the court. In *260 support of its conclusion, the order also stated that [redacted] received additional services from Charlevoix County and the LTBB Odawa Youth Healing to Wellness (OYHTW) program. These services, which included [redacted]’s placement in a foster home, [redacted] enrollment in Recovery High and bi-weekly monitoring by the OYHTW team, were deemed by the Children’s Division Court to be unnecessarily duplicative of the care and supervision services provided by the LTBB DSS.
On April 13, 2010, Tribal Presenting Officer Matthew Lesky filed a timely notice of appeal requesting that the Tribal Appellate Court reverse the order terminating the care and supervision activities provided to [redacted]. The appellant argues 1) that the LTBB Child Protection Statute requires that the Tribal Court hold a hearing before issuing an order under these circumstances; and 2) that the Children’s Division erred when it found that the DSS care and supervision activities unnecessarily duplicated the services provided by Charlevoix County. The appellant also argued that the lower court’s order violated the separation of powers between the executive and judicial branches of government, in violation of the LTBB Constitution.

Analysis

Before considering the issue at the heart of this case, the Appellate Court explains why this case did not become moot when [redacted] became eighteen years old on [redacted] 2010, four days after the Notice of Appeal was filed in this case. The first reason is that a child does not automatically become ineligible for child welfare services under the Child Protection Statute when the child reaches the age of eighteen. There is no provision in the Statute that draws the line on the eighteenth birthday. In fact, the opposite is true, since the Statute’s definition of “child” includes “a person who is eighteen (18) years of age, but remains under the continuing jurisdiction of the Court.” WOS 2009-004 Child Protection Statute, Section IV(E). The Appellate Court’s review of this appeal effectively continues the jurisdiction of the Court, despite any later attempt by the lower court to terminate jurisdiction.
The second reason why the case did not become moot is that an automatic rule making a child ineligible for child protective services would create potentially harmful, damaging results for the welfare of a child. A child who is enrolled in a school program for at-risk youth, who is placed in a home for care and supervision, who is receiving counseling, financial assistance, or other services would certainly be harmed if the services were automatically terminated on a birthday. For this reason, the Appellate Court holds that the Children’s Court must hold a hearing when a child deemed a child in need of care approaches their nineteenth birthday. At the hearing, the Court must consider the recommendations of the parties to the case and also consider whether the child is eligible to transition to any other social services.
Now, the Appellate Court turns to the basic issue before it. That issue is whether the Children’s Division Court may terminate the care and supervision activities of the Department of Social Services without a petition to terminate such activities having been filed and without providing notice or holding a hearing. The Tribal Court may not do so.
With only a few exceptions, the Child Protection Statute requires that the Court provide notice to the parties and hold a hearing every time the Court takes any action with respect to a juvenile under the Court’s jurisdiction. Hearings are required when the Court receives a transfer *261 of jurisdiction from state court (Section VI(D)(7)). The Statute also describes the requirements for annual review hearings for limited and full guardianships and con-servatorships (Section XV(F)), hearings to determine the identity of the natural father of a child (Section XV(G)), preliminary hearings (Section XVIII), adjudicatory hearings (Section XIX), dispositional hearings (Section XX), dispositional review hearings (Section XXI), permanency planning hearings, permanency review hearings (Section XXIII), hearings to terminate parental rights (Section XXVI(C), (E), (F) and (J)), initial and final healings on adoptions (Section XXVII(M) and (0)), and rehearings (Section XXIX).
There are only three exceptions that allow for Court action without advance notice to the parties. Two of these instances are where the Children’s Court issues orders to conduct investigations or perform an emergency removal of a child to place the child in protective custody. (Section XII). In each of these cases, an ex parte showing of the statutory grounds for the order to investigate or remove a child is explicitly permitted by the Statute. The third instance is where the Statute permits the Court to authorize medical treatment for a child under certain circumstances. (Section XXIV).
There is also an additional exception to the general pattern of required hearings where the Statute allows the Court to return a child to his or her home without a hearing. (Section XXI(D)). In this instance, however, notice is required and the objection of any party is sufficient to require that the healing take place. The provision allows the Court to act without a hearing if an agency determines that a child should be returned home, requests a hearing on the determination, and no party files an objection to the return prior to the date of the scheduled healing.
The Statute also has a special provision that allows the Court to amend or supplement a disposition order. The provision states that “[i]f a child remains under the jurisdiction of the Court, an order many be amended or supplemented within the authority granted to the Children’s Court in this Statute at any time as the Court considers it necessary and proper and in the best interest of the child.” Section XX(I).
The most important rule of interpreting a Tribal statute is to give effect to the language and intent of the Tribal Council. The Appellate Court must consider the statute as a whole and give every word or phrase some reasonable meaning. No clause should be rendered superfluous or void.
The Appellate Court interprets the phrase “within the authority granted to the Children’s Court” in Section XX(I) to mean that the Court may amend a disposition order after providing notice to the parties and holding a hearing. The provisions requiring that the Court provide notice and hold a hearing prior to acting indicate that, taken as a whole, the Child Protection Statute requires notice and a hearing at every juncture when the Children’s Court takes action. The only exceptions to the notice and a hearing requirement are narrowly tailored to accommodate cases of emergency conditions where the welfare of a child is endangered. In the case appealed here, the Court’s order terminating DSS care and supervision services was not made in response to concern over the endangerment of [redacted]’ welfare. Rather, the order stated that the termination was warranted for purely economic reasons; ie., to avoid the perceived duplication of services. Such grounds are not sufficient for the Court’s decision to forego notice and a hearing.
*262 The Appellate Court also interprets the phrase “at any time as the Court considers it necessary and proper and in the best interest of the child” to mean that the Court has the discretion at any time to make a sua sponte motion to amend or supplement the disposition order. Such discretion, however, does not exempt the Court from the requirements of due process, and notice and a hearing are required.
Rather than falling within the exceptions to the general rule requiring notice and a hearing before Court action, the Appellate Court finds that the order of the Children’s Court appealed in this case should have been made pursuant to a dis-positional review hearing under Section XXI of the Statute. In a dispositional review hearing, the Court must review on the record the compliance with the case service plan and previous orders of the Court, including services provided or offered to the child. The Court is also required to consider whether the services are benefiting the child and [redacted] guardian or custodian. The dispositional review hearing is also an opportunity for the Court to modify any part of the case service plan to address the needs of the child. The hearing also ensures that all persons involved in the child’s care and supervision have a voice in the Court’s review. The Children’s Court is also free to schedule a dispositional review hearing sua sponte. The hearings must be held at a minimum every six months, but the Court has the discretion to schedule them more frequently as needed.
The Child Protection Statute also expressly affirms the right of parties to receive notice of intended Court action. Section XVII of the Statute affirms the right of a party to be given notice of proceedings in the Children’s Court, unless tile Statute specifically exempts the notice requirement. In the case under review here, there is no specific exemption that allows the Court to fail to provide the parties with notice. The Statute is also precise about who is entitled to notice, as it includes a list of eight (and possibly more) persons that must be given notice of each hearing. Section XVI(C).
The Appellate Court also notes that, although not argued in the appellate briefs, the order issued by the Children’s Court raises constitutional concerns of due process. The pattern of notice and hearing requirements found within the Child Protection Statute is not an arbitrary coincidence. The notice and hearing requirements are used to ensure that children and all parties to child welfare cases are treated with fundamental fairness by the Court. When the Court acts alone, issuing orders from an office desk without notice or a hearing, the Court risks making grave mistakes that can affect the welfare of the Tribe’s children. Historically, the Little Traverse Bay Bands of Odawa Indians has suffered the painful loss of large numbers of children due to removals made without respect for the fundamental fairness due to the children, their families, or the Tribe. In light of this history, the Court must use its most diligent efforts to adhere to the procedural requirements that apply to its actions.
The Appellate Court also notes that the Notice of Appeal also sought review of the Tribal Court’s conclusion that the DSS care and supervision activities duplicated the services of Charlevoix County. The Appellate Court does not address this issue in this opinion because it finds that the issue cannot be determined without a hearing where testimony and evidence are taken. In addition, the Notice of Appeal also stated that the Tribal Court’s order violated the separation of powers between the executive and judicial branches of govern *263 ment, in violation of the LTBB Constitution. The Appellate Court does not reach this constitutional issue because the issues raised in this appeal can be resolved in full by application of the Child Protection Statute. Furthermore, the Appellate Court notes that the Appellant did not address the separation of powers issue in the briefs.
In accordance with the analysis above, the Appellate Court hereby REVERSES the order issued by the Children’s Division Court on March 16, 2010 and REMANDS the case, with instructions that the Children’s Division Court must hold a disposi-tional review hearing with all of the parties to the case to review the recommendations made by the parties and consider whether [redacted] should receive any additional care and supervision services from the LTBB Department of Social Services.
DECIDED AND APPROVED BY A UNANIMOUS APPELLATE COURT.